# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### DOCKET NO. 3:97-CR-00031-FDW-01

| | |
|---|---|
| JERMAINE BLACK, )<br> )<br>Petitioner, )<br> )<br>vs. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>Respondent. )<br> ) | ORDER |

THIS MATTER comes now before the Court upon Petitioner's Motion Seeking Redress (Doc. No. 18). Petitioner, coming before the Court pro se, states that he "would like for the time that I/Petitioner did upon my federal sentence to be ran concurrent with the state time that I was serving . . ." but also states that he "is not asking the Court to run [my] sentence concurrent." The Court is unsure exactly what relief Petitioner is requesting, but he apparently desires that his time served in state prison be credited against the time he has remaining on his federal sentence. For the following reasons, Petitioner's Motion is DENIED.

Petitioner pleaded guilty to violations of 18 U.S.C. § 924(c), 2119 on April 11, 1997. This Court entered judgement against Petitioner on November 24, 1997, sentencing Petitioner to 120 months and 60 months to run consecutively. Petitioner, however, was currently serving a nine-year sentence for crimes against the State of North Carolina. Petitioner was not delivered into federal custody until October 30, 2003.

Contrary to what Petitioner's Motion seems to suggest, it was not until October 30, 2003, the date that Petitioner was "received at the penitentiary, reformatory, or jail for service of [his federal]

sentence" that his federal sentence began.  18 U.S.C.A. § 3568 (West 2007); see also Thomas v. Whalen, 962 F.2d 358, 360 (4th Cir. 1992) (holding that under § 3568 a defendant's sentence does not begin until "the date on which [defendant is] received at the Federal Correctional Institution to begin service of [his] sentence[]").  In Thomas v. Whalen, a case in which defendant made arguments similar to the Petitioner here, the United States Court of Appeals for the Fourth Circuit first observed that "[n]either the federal nor the state court in this case ordered its sentence to run concurrently with the other court's sentence." Id. at 362.  The court went on, leaving no doubt on the subject, by stating, "In any event . . . a federal sentencing court has no obligation to implement or otherwise to respect a state court's order that state and federal sentences run concurrently." Id. n.6.  Thus, even if the state court in Petitioner's case had ordered Petitioner's federal sentence to run concurrent to his state sentence—and there is no indication that this is the case—this Court need not implement that order.  Nor is there any indication from the record that this Court intended Petitioner's sentence to run concurrent to his state sentence.  Rather, there is only the Petitioner's apparent wish that his time in state prison be credited against his federal sentence.

Finally, in an effort to construe Petitioner's somewhat confusing request as broadly as possible under the pro se standard, the Court states that the Bureau of Prisons is not required under 18 U.S.C. § 3585 to credit Petitioner for time served under his state sentence.  See, e.g., Dorsey v. Bogden, 188 F. Supp. 2d 587 (D. Md. 2002).

For the foregoing reasons, Petitioner's Motion Seeking Redress is hereby DENIED.

IT IS SO ORDERED.                    Signed: October 24, 2007

Frank D. Whitney
United States District Judge